UNITED STATES DISTRCIT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

---------------------------------------------------------------X
CHANNEL INTERNATIONAL, INC. D/B/A
CHANNEL SEAFOODS INTERNATIONAL,

                **14 Civ**.

    Plaintiff,

  - against -                **COMPLAINT**

A.P. MOLLER – MAERSK A/S trading as MAERSK
LINE, TWINS TRANSPORT SERVICES, INC., and
THE WARRIOR TRANSPORT, LLC,

    Defendants.
---------------------------------------------------------------X

Plaintiff, by its attorneys, CASSIDY & BLACK, P.A., as and for its Complaint, alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333. Jurisdiction over Defendants Twins Transport Services and The Warrior Transport is predicated upon 28 U.S.C. § 1367.

2.    Plaintiff, Channel International, Inc. d/b/a Channel Seafoods International (hereinafter "Channel"), is a domestic corporation or other business entity, with an office and place of business located at 4755 Technology Way, Boca Raton Florida, and was the cargo consignee and owner of a consignment of 4,400 cartons of frozen tilapia filets laden aboard the M/V HUI JIN QIAO, as more fully described below.

3. Defendant, A.P. Moller-Maersk A/S (hereinafter "Maersk") is a foreign corporation with an office and place of business located at 790 NW 107th Ave # 400, Miami, Florida, and owns, operates, manages and/or charters ocean-going vessels that operate between various foreign and domestic ports and, in particular, within this district and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court in the capacity of a common carrier of goods by ocean.

4. Defendant, Twins Transport Services, Inc. is a domestic corporation or other business entity, with an office and place of business located at 9200 NW 32nd Street, Miami, Florida, and at and at all times relevant was, and still is, doing business in this jurisdiction and in this District in the capacity of a motor common carrier and/or contract carrier of goods.

5. Defendant, The Warrior Transport, LLC. is a domestic corporation or other business entity, with an office and place of business located at 1177 NW 81st Street, Miami, Florida, and at and at all times relevant was, and still is, doing business in this jurisdiction and in this District in the capacity of a motor common carrier and/or contract carrier of goods.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

7. On or about June 9, 2013 a consignment consisting of 4,400 cartons of frozen tilapia filets, laden in ocean container number MSWU0101424, then being in good order and condition, was delivered to defendant Maersk and/or its agents at the port of Beihai, China for transportation to Miami, Florida, in consideration for an agreed freight pursuant to Maersk bill of lading number MAEU 866911005, dated June 9, 2013.  See Exhibit "A" attached.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V HUI JIN QIAO and the vessel sailed for Hong Kong where the container was transshipped to the M/V FORTEGRANDOS.

9. On or about, July 13, 2013, the M/V FORTEGRANDOS arrived at the port of Miami and the container was discharged at the South Florida Container Terminal (SFCT).

10. Plaintiff engaged its customs broker, Howard S. Reeder, Inc., to hire a trucking company to pick up the container of frozen tilapia filets at the SFCT and deliver it to Plaintiff's designated cold storage warehouse, Preferred Freezer Services, in Miami.

11. Upon information and belief, Defendant, The Warrior Transport, LLC was engaged and accepted the assignment of picking up the container at the SFCT.

12. Upon information and belief, The Warrior Transport, LLC, then assigned the job to its sister company, Defendant, Twin Transport Services, Inc.

13. On or about July 15, 2013, Defendant, Twins Transport Services, Inc. picked up the container from the SFCT, issued a bill of lading, and transported the container to Preferred Freezer Services' facility.

14. On the morning of June 16, 2013, the container was opened at Preferred Freezer Services, whereupon, it was determined that 1,134 cartons of frozen tilapia filets were missing.

15. The shortage/theft of the aforementioned cartons of frozen tilapia did not result from any act or omission on the part of Plaintiff, but to the contrary, was the result in whole or in part, of the breach of contract, negligence, conversion, and/or fault of the defendants.

16. By reason of the foregoing, plaintiff has been damaged in the amount of at least $25,000 no part of which has been paid, although duly demanded.

17. The Plaintiff reserves the right to amend this amount at the time of Trial.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff and against Defendants jointly and/or severally for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action, and

3 That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Miami, Florida
       July 14, 2014

                              CASSIDY & BLACK, P.A.
                              Attorneys for Plaintiff

                    By: */s/William E. Cassidy*
                              William E. Cassidy, Esq.
                              7700 North Kendal Drive, Suite 505
                              Miami, Florida 33156
                              (888) 439-8799
                              FBN: 266477